UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

    Petitioner,

    v.

STATE OF WASHINGTON

    Respondent.

Case No. C08-5311RJB/JKA

ORDER TO SHOW CAUSE

    This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Dkt. # 1 and 11). Petitioner has been granted *In forma pauperis* status.

    The Court has reviewed the petition and the amended petition. In the original petition, Mr. Stratton states he filed no appeal from his conviction and sentence, but, that he filed a writ of habeas corpus directly with the "Washington Supreme Court." Mr. Stratton states that petition is "pending." (Dkt # 1).

    In the amended petition Mr. Stratton does not mention any filing with the Washington Courts (Dkt # 11). Before claims may be raised in a federal habeas corpus petition, state remedies must be

ORDER

exhausted. 28 U.S.C. § 2254(b)(1); see also, Rose v. Lundy, 455 U.S. 509 (1982). A claim has been exhausted once it has been fairly presented to the state's highest court and the court has had the opportunity to rule on the merits of the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Picard v. Connor, 404 U.S. 270, 275-276 (1971); Batchelor v. Cupp, 693 F.2d 859, 862(9th Cir. 1982), cert. denied, 463 U.S. 1212 (1983).

A petitioner must present the claims to the state's highest court based upon the same federal legal theory and factual basis as the claims are subsequently asserted in the habeas petition. Hudson v. Rushen, 686 F.2d 826, 829-830 (9th Cir. 1982), cert denied 461 U.S. 916 (1983); Shiers v. California, 333 F.2d 173, 176 (9th Cir. 1964). Specifically, a petitioner must apprise the state courts that an alleged error is not only a violation of state law, but a violation of the Constitution. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal protection, or a fair trail do not satisfy the exhaustion requirement. Gray v. Netherland, 518 U.S. 152, 162 (1996); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000). A petitioner must include reference to a specific federal constitutional guarantee as well as a statement of the facts that show the petitioner is entitled to relief. Gray v. Netherland, 518 U.S., at 162-163.

Here, petitioner indicates in the original petition that he filed directly with the Washington Supreme Court. In the amended petition he does not mention any state filing. Mr. Stratton does not state he has received any answer to a petition from the state court. The court now orders petitioner to **SHOW CAUSE** on or before **August 8, 2008,** why this action should not be dismissed without prejudice as unexhausted. Failure to respond or failure to prove the claims raised are exhausted will result in a Report and Recommendation that this petition be dismissed without prejudice.

The clerk is directed to send copies of this order to petitioner and to note the **August 8, 2008,** due date.

DATED this 7 day of July, 2008.

/S/ *J. Kelley Arnold*Q:/jka/i
J. Kelley Arnold
United States Magistrate

ORDER