UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D0ONALD STRATTON,

    Petitioner,

v.

DOUG WADDINGTON AND SCOTT RUSSELL,

    Respondent.

Case No. C08-5311RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
September 19, 2008**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Petitioner originally named only the State of Washington as a respondent and alleged he had a petition currently pending before the Washington State Supreme Court (Dkt # 1 and 8). He was granted *in forma pauperis* status but the court required an amended petition naming a proper respondent.

On June 27, 2008, petitioner filed his first amended petition (Dkt # 11). Petitioner named Scott Russell as the Respondent. The amended petition did not show any attempt had been made to exhaust any issue in state court. Petitioner did not file a direct appeal and appears to have

REPORT AND RECOMMENDATION- 1

proceeded directly to this court. The amended petition does not mention any filings in State Supreme Court (Dkt # 11).

The Court entered an Order to Show Cause and explained the exhaustion requirement to petitioner (Dkt # 12). Petitioner then filed a second amended petition (Dkt. # 14). Petitioner now names Scott Russell and Doug Waddington as respondent. Even after having been sent an Order to Show Cause regarding exhaustion, Petitioner does not mention any attempt to exhaust state remedies. Petitioner subsequently filed two motions asking his petition be transferred to the Thurston County Superior Court (Dkt # 15 and 16). The first motion asks that this petition and two other causes of action be transferred to Superior Court, the motion is not signed (Dkt. # 15). The second motion asks that this cause number and three other cases be transferred and is directed at civil rights actions; this motion is signed (Dkt. # 16). This Report and Recommendation addresses only this cause number. Petitioner's motions to have this action transferred will be denied by separate order.

This petition appears to be unexhausted. Petitioner has been given an opportunity to show exhaustion and has not availed himself of that opportunity.

## DISCUSSION

Before claims may be raised in a federal habeas corpus petition, state remedies must be exhausted. 28 U.S.C. § 2254(b)(1); see also, Rose v. Lundy, 455 U.S. 509 (1982). A claim has been exhausted once it has been fairly presented to the state's highest court and the court has had the opportunity to rule on the merits of the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Picard v. Connor, 404 U.S. 270, 275-276 (1971); Batchelor v. Cupp, 693 F.2d 859, 862(9th Cir. 1982), cert. denied, 463 U.S. 1212 (1983).

A petitioner must present the claims to the state's highest court based upon the same federal legal theory and factual basis as the claims are subsequently asserted in the habeas petition. Hudson v. Rushen, 686 F.2d 826, 829-830 (9th Cir. 1982), cert denied 461 U.S. 916 (1983); Shiers v. California, 333 F.2d 173, 176 (9th Cir. 1964). Specifically, a petitioner must apprise the state courts that an alleged error is not only a violation of state law, but a violation of the Constitution.

REPORT AND RECOMMENDATION- 2

Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal protection, or a fair trail do not satisfy the exhaustion requirement. Gray v. Netherland, 518 U.S. 152, 162 (1996); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000). A petitioner must include reference to a specific federal constitutional guarantee as well as a statement of the facts that show the petitioner is entitled to relief. Gray v. Netherland, 518 U.S., at 162-163.

Here, petitioner indicated in the original petition that he filed directly with the Washington Supreme Court. In the amended petitions he does not mention any state filing. An order to Show Cause was entered and petitioner was warned the Court would recommend this petition be dismissed without prejudice if he did not show the issues had been exhausted in state court.

In response, petitioner filed another amended petition with the same defects and then moved to have the petition transferred to State Court. This petition should be **DISMISSED WITHOUT PREJUDICE AS UNEXHAUSTED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 19, 2008**, as noted in the caption.

Dated this 25 day of August, 2008.

>                /S/ *J. Kelley Arnold*
>                J. Kelley Arnold
>                United States Magistrate Judge

REPORT AND RECOMMENDATION- 3